# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | § JUDGMENT IN A CRIMINAL CASE |
| | § |
| v. | § |
| | § Case Number: **1:19-CR-00014-KD-MU(3)** |
| **JAMES JOEL HARRISON THOMPSON** | § USM Number: **17528-003** |
| | § **William Keith Bradford** |
| | § Defendant's Attorney |

**THE DEFENDANT:**

☒ **pleaded guilty to count(s) 2 of the Indictment on 4/16/2019.**
☐ pleaded nolo contendere to count(s)   which was accepted by the court
☐ was found guilty on count(s)   after a plea of not guilty

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 21:841A=Cd.F Possession With Intent To Distribute Heroin, Methamphetamine, Dilaudid | 04/11/2017 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s)   ☐ is   ☐ are dismissed on the motion of the United States

       IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**July 26, 2019**
Date of Imposition of Judgment

**s/Kristi K. DuBose**
Signature of Judge

**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**August 6, 2019**
Date

DEFENDANT:       JAMES JOEL HARRISON THOMPSON  
CASE NUMBER:     1:19-CR-00014-KD-MU(3)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**10 months as to count 2; said term to run consecutively with the unrelated state case in CC-2018-18888.**

☒ The court makes the following recommendations to the Bureau of Prisons:
**Defendant be allowed to participate in substance abuse treatment, while incarcerated**.

☒ **The defendant is remanded to the custody of the United States Marshal.**
☐ The defendant shall surrender to the United States Marshal for this district:

　　☐ at　　　　　　　　　☐ a.m.　　☐ p.m.　　on

　　☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐ before 2 p.m. on
　　☐ as notified by the United States Marshal.
　　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　　　By　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

DEFENDANT:         JAMES JOEL HARRISON THOMPSON
CASE NUMBER:       1:19-CR-00014-KD-MU(3)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three (3) years.**

☒   Special Conditions:

**1) the defendant shall submit to periodic urine surveillance and/or breath, saliva and skin tests for the detection of drug abuse as directed by the probation officer. The defendant may incur costs associated with such detection efforts, based upon ability to pay as determined by the probation officer.**

**2) the defendant shall participate in an assessment or a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to such drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant may incur costs associated with such drug/alcohol detection and treatment, based upon the ability to pay, as determined by the probation officer.**

**3) as soon as possible, following release from custody, the defendant shall participate in a mental health evaluation and comply with any treatment consistent with the findings of said evaluation, as directed by the Probation Office.**

**4) the defendant shall submit his person, house, residence, vehicle(s), papers, [computers (as defined by 18 U.S.C. Section 1030(e)(1)) or other electronic communications or data storage devices of media], business or place of employment, and any other property under the defendant's control to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search in accordance with this condition may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.**

**No fine was imposed, as the defendant is unable to pay. A $100 special monetary assessment was imposed.**

**For offenses committed on or after September 13, 1994**:  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☒   **The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.** *(Check, if applicable.)*

If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.  The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

**The defendant shall not commit another federal, state or local crime.**
**The defendant shall not illegally possess a controlled substance.**
**The defendant shall comply with the standard conditions that have been adopted by this court.**
**The defendant shall also comply with the additional conditions on the attached page.**

See Page 4 for the
**"STANDARD CONDITIONS OF SUPERVISION"**

DEFENDANT: JAMES JOEL HARRISON THOMPSON
CASE NUMBER: 1:19-CR-00014-KD-MU(3)

# STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. the defendant shall cooperate, as directed by the probation officer, in the collection of DNA, if applicable, under the provisions of 18 U.S.C. §§ 3563(a)(9) and 3583(d) for those defendants convicted of qualifying offenses.

DEFENDANT:	JAMES JOEL HARRISON THOMPSON
CASE NUMBER:	1:19-CR-00014-KD-MU(3)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Page 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$100.00** | $.00 | $.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. (or see attached) However, pursuant to 18 U.S.C. § 3644(i), all non-federal victims must be paid in full prior to the United States receiving payment.

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____
☐ The defendant must pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Page 6 may be subject to penalties for default, pursuant to 18 U.S.C. § 3612(g).
☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
　　☐ the interest requirement is waived for the　　☐ fine　　☐ restitution
　　☐ the interest requirement for the　　☐ fine　　☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JAMES JOEL HARRISON THOMPSON
CASE NUMBER: 1:19-CR-00014-KD-MU(3)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ Lump sum payment of $<u>100.00</u>, due immediately, balance due not later than _____, or

☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 2, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.
☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.